

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable John R. Shook
Criminal District Attorney
Bexar County
San Antonio, Texas

Dear Mr. Shook:  Opinion No. O-5859
Re: Constitutionality and effect
of H. B. No. 350, 48th Legis-
lature, Regular Session?

Your request for an opinion upon the above
subject-matter is as follows:

"1. Is H. B. No. 350, Acts 1943, 48th
Leg. page 689, ch. 382 (codified as Article
1970-329) constitutional and valid?

"2. Is Article 1954 still effective
in counties included within the terms of
H. B. No. 350?

"H. B. No. 350 was passed in 1943 to
take the place of a similar Act, H. B. 465,
Acts 1941, 47th Leg. ch. 380, which it ex-
pressly repealed. The constitutionality of
the former Act was upheld in a lengthy opin-
ion No. O-3407, rendered by Harold McCracken,
Assistant Attorney General and approved by
you on May 2, 1941.

"The constitutionality of H. B. No. 350
has been questioned, because of the fact that
the caption of the law reads:

"'An Act providing that judges of the
county courts at law in counties of less
than 500,000 population may act. ...'
and it does not contain this phrase:

"'According to the last preceding
or any future Federal Census.'

"This phrase however is contained in
the body of the law.

"H. B. No. 350 provides that it is
not intended to repeal any law providing
for the election or appointment of a
special county judge but that it is cumu-
lative of and in addition to such laws.
H. B. No. 465 contained no such provision."

Your first question is answered in the affirma-
tive.

It is not the office or function of a title to
a bill to do more than express the subject of the bill.
It is not required to set forth the details of the treat-
ment of that subject -- that belongs to the bill itself.
The title to House Bill No. 350 declares:

"AN ACT providing that judges of the
County Courts at law in counties of less
than five hundred thousand (500,000) pop-
ulation may act for the County Judge of
the county in any juvenile, lunacy, pro-
bate and condemnation proceeding or mat-
ter, and also may perform any and all
other ministerial acts required by law of
the County Judge, during the absence, in-
ability or failure of the County Judge for
any reason to perform such duties; ***."

Section 1 of the Act declares:

"That the judge of any County Court
at law in any county having a population
of less than five hundred thousand
(500,000) inhabitants, according to the
last preceding, or any future Federal cen-
sus, may act for the County Judge of the
county in any juvenile, lunacy, probate

and condemnation proceeding or matter,
and also may perform for the County
Judge any and all other ministerial
acts required by the laws of this State
of the County Judge, during the absence,
inability or failure of the County Judge
for any reason to perform such duties;
* * *."

Section 1, therefore, merely supplies the means
of ascertaining the population of a county -- that is, by
"the last preceding or any future Federal census" -- and
is certainly germane, if not essential, to the validity
of the Act.

Article 1934 of the Revised Civil Statutes men-
tioned in your second question is as follows:

"If a county judge fails to appear
at the time appointed for holding the
court, or should he be absent during the
term or unable or unwilling to hold the
court, a special county judge may be
elected in like manner as is provided
for the election of a special district
judge. The special county judge so
elected shall have all the authority
of the county judge while in the trial
and disposition of any case pending in
said court during the absence, inabil-
ity, or such refusal of the county
judge. Similar elections may be held
at any time during the term, to supply
the absence, failure or inability of
the county judge, or any special judge,
to perform the duties of the office.
When a special county judge shall have
been so elected, the clerk shall enter
upon the minutes of the court, a record
such as is provided for in like cases
in the district court."

"That it is not intended by this Act to repeal any law providing for the election and/or appointment of a special County Judge, but this Act shall be cumulative of and in addition to, such law or laws."

This answers your second question. There is no irreconcilable conflict between Article 1934 and House Bill No. 350 that could operate to repeal Article 1934 by necessary operation of law or implication, especially in view of Section 4 of House Bill 350, above quoted.

We express no opinion, nor does this statement imply any intimation, as to that provision of House Bill No. 350, which confers upon judges of County Courts at Law authority to act for the County Judge "in any juvenile" proceeding under the terms of Senate Bill 44 by the 48th Legislature at its Regular Session. The constitutionality and construction of that Act is now before the Supreme Court on a writ of error in cause No. 8205 - Lilly Dendy et al, petitioners, v. John W. Wilson et al, respondents.

APPROVED FEB 9, 1944

ATTORNEY GENERAL OF TEXAS

Very truly yours

ATTORNEY GENERAL OF TEXAS

BY

Ocie Speer
Assistant

OS-MR

